NOV 15 2021 PM 12:46
FILED-USDC-CT-New Haven

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

CASE NO. 3:21cv1526 (JAM)

**PLAINTIFF(S)** [Write the name(s) of the person(s) complaining. Do not use **et al.**]

Raymond Aigbekaen

vs.

**DEFENDANT(S)** [Write the name(s) of the person(s) you are suing. If you do not know a name, write "John Doe" or "Jane Doe." Include the defendant's rank or title if you know it. Do not use **et al.**]

Warden (FCI Danbury)
Lt. McGregor (S.I.S)
Lt. Gillepsie
Mr. Bozek
Lt. Durant
2 John doe SIS officers

Complete every section and **SIGN THE LAST PAGE.**

*Revised 12/13/18*

## A. JURISDICTION

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities. Check one.

I can bring my complaint in federal court because I am suing:

1. _____ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983/1985/1986; OR

2. ✓ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

## B. PLAINTIFF (THE PERSON FILING THIS COMPLAINT)

If there is more than one plaintiff, attach additional pages. Provide items a, b, and c for each plaintiff.

1. First Plaintiff
   a. Full Name: Raymond Aigbekaen
   b. Inmate Number: 94655-379
   c. Correctional facility: FCI Danbury

## C. DEFENDANT (THE PERSON WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

If you are suing more than six defendants, attach additional pages. Provide items a, b, and c for each defendant.

1. First Defendant
   a. Full Name:
   b. Rank or Title: Warden (FCI Danbury)
   c. Workplace: FCI Danbury

2. Second Defendant
   a. Full Name:
   b. Rank or Title:
   c. Workplace:

3. Third Defendant
   a. Full Name:
   b. Rank or Title:
   c. Workplace:

4. Fourth Defendant
   a. Full Name:
   b. Rank or Title:
   c. Workplace:

5. Fifth Defendant
   a. Full Name:
   b. Rank or Title:
   c. Workplace:

6. Sixth Defendant
   a. Full Name:
   b. Rank or Title:
   c. Workplace:

## D. REASON FOR COMPLAINT

**WARNING: Contact Inmate Legal Aid Program. Common mistakes can get your case dismissed as frivolous or for failure to state a good legal claim.** If this happens, you will still have to pay the filing fee, even if you are proceeding in forma pauperis. To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Aid Program before you file.

*Revised 12/13/18*

1. Failure to use the prison grievance process before suing.  If you have not followed all the steps in the grievance process before you come to court, the defendants may ask the Court to dismiss your claims for "failure to exhaust administrative remedies."

2. Complaining about incidents that happened a long time ago:  If you are suing about events that happened more than three years ago, the defendants may ask the Court to dismiss your case under the "statute of limitations."

3. Suing people who were not personally involved:  You can generally only sue defendants who were directly involved in harming you.  In order to sue a supervisor, you must usually show that the supervisor knew about the actions of other defendants and failed to stop them.

4. Suing defendants who have immunity to suit for money damages:  You generally cannot sue the following people and entities for money damages:  the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process).  If you think you have a claim for money damages against such people or entities, check with Inmate Legal Aid Program first.  If you name defendants who are immune to suit from money damages and your suit is dismissed on that basis, you will lose your filing fee.

5. Complaining about a criminal conviction or prison disciplinary proceeding that resulted in loss of good time credits or other change to your time in prison.  If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding. See *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Please note that this is not a complete list of the problems you might encounter with your case.  The Court cannot give you legal advice and will not appoint a lawyer for you until it is clear that you have a good legal claim.  Until then, your best strategy is to call the Inmate Legal Aid Program before you file a complaint.  If Inmate Legal Aid Program says you do not have a good case, you should consider that advice very seriously.

Now you need to explain how your federal rights were violated (remember that not every violation of state law or prison regulations amounts to a violation of federal law).  What you need to tell the Court is who did what, when they did it, and how you were harmed.

You do not need to cite to the Constitution, any statutes, or any cases.  However, it is important to be specific about dates, times, and the names of the people involved.  It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift.  If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

Here is an example of the proper way to describe your claims:

Example of Statement of Case
1. On April 12, 2015, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse.  Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m., in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed her my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful. I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.

Now describe your claims.

Statement of Case
1. On January 21, the ~~defendant~~ Plaintiff was placed in the SHU and his phone and commissary privileges were suspended, he was not allowed to use his sleep apnea machine
2. The plaintiff asked to be housed seperately from the General population but instead he was given an incident report for asking — he was later RAPED in the regular unit
3. Plaintiff was physically assaulted on several occassions during his episodes of derealization
4. Plaintiff is being punished for having a Mental illness and
5. the defendants place his life in danger by continuing to house him with regular inmates making him susceptible to rape and more physical assaults.

Revised 12/13/18

5. The plaintiff remains in the SHU without a reason and he is being denied access to the court. Being placed in the SHU in this way is cruel and unusual punishment **8th Amendment** violation

6. The defendants are in possession of plaintiff's property, including his prayer rug, head gear and religious scriptures, he is not being provided a bible or Koran in violation of **RLUIPA**

7. **MEDICAL BATTERY**: The plaintiff was forced to take IVERMECTIN a drug for scabies, when he did not have scabies, he was told if he did not take it, he would be locked in the SHU and deprived from talking to his family or doing his legal work. He continues to suffer the

8. physical side effects of IVERMECTIN

The plaintiff's rights were violated under equal protection clause, he has the preexisting conditions yet he was denied home

9. confinement even though he qualifies under CARES Act while other similarly qualified inmates were sent to home confinement

10. Medical Negligence: defendants are in reckless disregard and deliberate indifferent to plaintiff's medical needs (sleep apnea) and mental health need, they fail to provide appropriate treatment and continue to punish the plaintiff for having a mental illness

*If you need more space, attach additional pages, but be as brief as possible.*

The SIS and LT Gillespie use excessive force in restraining the plaintiff and he suffered head injury and dislocated joints

**E.   REQUEST FOR RELIEF**
Tell the court what kind of relief you want. **Remember**: (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a courtappointed attorney, if you had one; (3) You cannot use a Section 1983 or *Bivens* action to request release from custody, a reduction in your sentence, or a restoration of good time credits. For any of these, you must request a Writ of Habeas Corpus.

- Request injunctive relief
- Requests compensatory relief 3 million dollars
- Requests declaratory relief
- Requests defendants be enjoined from punishing a mental illness and to provide appropriate treatment.

*Revised 12/13/18*

- Enjoin the defendants to **6** send the plaintiff to home confinement.
- Punitive damages in the amount of $10

F.    **DO YOU WISH TO HAVE A JURY TRIAL? YES** ✓ **NO** ~~X~~    *yes I would like a jury trial*

G.    **DECLARATION UNDER PENALTY OF PERJURY**

Warning: You must sign this or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge. I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000. See 18 U.S.C. Sections 1621, 3571.

Signature: *Raymond Tyhokar*

Signed at: *FCI Danbury* (Location) on *11/11/2021* (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it. **The complaint cannot be filed without a signature from each plaintiff.**

H.    **FINAL INSTRUCTIONS**

WARNING: Your complaint will not be filed unless you complete each of these steps:

    1.    Answer all questions on the complaint form.

    2.    Sign the Declaration under Penalty of Perjury on p. 7

Remember, the Clerk cannot file your complaint unless you take all of the steps above.

*Revised 12/13/18*