## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAYMOND AIGBEKAEN, | : | |
| *Plaintiff,* | : | |
| | : | No. 3:21-cv-1526 (JAM) |
| v. | : | |
| | : | |
| WARDEN OF FCI DANBURY, LT. | : | |
| MCGREGOR, LT. GILLEPSIE, MR. | : | |
| BOZEK, LT. DURANT, and 2 JOHN | : | |
| DOE SIS OFFICERS, | : | |
| *Defendants.* | | |

### INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

Plaintiff Raymond Aigbekaen is a sentenced prisoner in the custody of the U.S. Bureau of
Prisons (BOP). He has filed this federal civil rights complaint *pro se* and *in forma pauperis*
asserting claims for violations of his constitutional rights against a number of prison officials at
the Federal Correctional Institution in Danbury, Connecticut (FCI Danbury). I will dismiss
Aigbekaen's claims pursuant to 28 U.S.C. 1915A, principally for lack of factual allegations
showing each of the defendant's personal involvement in the alleged denial of his constitutional
rights.

### BACKGROUND

Aigbekaen's claims stem primarily from his administrative segregation in the special
housing unit (SHU) at FCI Danbury. In January 2022, Aigbekaen was placed in the SHU, and his
phone and commissary privileges were suspended.[1] He was also not allowed to use his sleep

---

[1] Doc. #1 at 5 (¶ 1).

apnea machine there.[2]

Aigbekaen had asked to be housed separately from the general population.[3] But he was given an incident report for asking.[4] Then, he was raped in the regular unit.[5] He was also physically assaulted on several occasions.[6] He does not say who raped or assaulted him, but he generally blames the defendants for housing him with regular inmates in a manner that left him susceptible to rape and physical assault.[7]

At the time Aigbekaen filed his complaint, he was still detained in the SHU at FCI Danbury.[8] He says that the defendants failed to provide appropriate treatment for his mental health issues and punished him for having a mental illness by placing him in the SHU.[9] Aigbekaen further faults the defendants for holding religious items including his prayer rug, headgear, and religious scriptures, and for failing to provide him with a bible or Koran.[10]

Aigbekaen additionally complains of being forced to undergo unwanted medical treatment. The defendants told him that if he refused to take ivermectin he would be locked up in the SHU and unable to contact his family or do his legal work.[11] The ivermectin Aigbekaen took was not medically necessary, and he continues to suffer from its side effects.[12]

Finally, Aigbekaen alleges that Lieutenant Gillepsie and certain Special Investigative

---

[2] *Ibid.*

[3] *Ibid.* (¶ 2).

[4] *Ibid.*

[5] *Ibid.*

[6] *Ibid.* (¶ 3).

[7] *Ibid.* (¶ 4).

[8] *Id*. at 6 (¶ 5). BOP records reflect that Aigbekaen is presently incarcerated at Loretto FCI in Pennsylvania. *See* BOP INMATE LOCATOR: Raymond Aigbekaen, Inmate # 94655-379, at https://www.bop.gov/inmateloc/ (accessed on May 25, 2022).

[9] Doc. #1 at 5-6 (¶¶ 4, 10).

[10] *Id*. at 6 (¶ 6).

[11] *Ibid.* (¶ 7).

[12] *Ibid.*

Services (SIS) officers used excessive force in restraining him, causing him to suffer a head injury and dislocated joints.[13] He does not allege anything more about this incident.

Aigbekaen seeks compensatory and punitive damages.[14] He also seeks an injunction requiring the defendants to provide him with appropriate treatment or to release him to home confinement.[15]

Aigbekaen has also filed a motion for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) seeking his immediate release from BOP custody.[16] In addition to the issues raised in the complaint, the motion states that Aigbekaen is especially vulnerable to COVID-19, that he has served more than half of his sentence, and that the BOP has released white inmates but has refused to release him because he is black.[17]

## DISCUSSION

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. In reviewing a *pro se* complaint, the Court must assume the truth of the allegations and interpret them liberally to raise the strongest arguments they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

The Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough

---

[13] *Id*. at 6 (¶ 10).
[14] *Id*. at 7.
[15] *Ibid*.
[16] Doc. #7.
[17] *Id*. at 1-2.

facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

Aigbekaen brings this action against the federal officer defendants in their individual capacities pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court recognized an implied right of action for damages against federal officers who have violated a person's constitutional rights. *See McGowan v. United States*, 825 F.3d 118, 123 (2d Cir. 2016) (*per curiam*).

### Excessive force

According to Aigbekaen, Lieutenant Gillespie and two unnamed SIS officers "use[d] excessive force in restraining" him, and consequently "he suffered [a] head injury and dislocated joints."[18] Aigbekaen appears to be asserting an Eighth Amendment claim for the use of excessive force, but he does not plead the factual context necessary to support his claim that the use of force was excessive. Namely, apart from his allegation of serious injury, he does not allege any facts about the incident at issue to suggest that the defendants used serious force for malicious or sadistic reasons, rather than "in a good-faith effort to maintain or restore discipline." *Harris v. Miller*, 818 F.3d 49, 63–64 (2d Cir. 2016). Because Aigbekaen has not alleged enough factual context to plausibly conclude that his rights were violated, I will dismiss this claim without prejudice.

---

[18] *Id*. at 6 (¶ 10).

4

***Supervisory liability***

Aigbekaen does not allege any particular conduct on the part of the remaining defendants: the Warden of FCI Danbury, Lieutenant McGregor, Mr. Bozek, and Lieutenant Durant. Instead, he apparently seeks to hold these defendants liable solely in their supervisory capacity. As the Second Circuit has made clear, however, "there is no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Rather, a plaintiff "must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ibid*. To state a deliberate indifference claim, for example, "the plaintiff must plead and prove that the supervisor had subjective knowledge of a substantial risk of serious harm to an inmate and disregarded it." *Id.* at 616.

The complaint does not allege facts showing that any of the defendants were personally responsible for Aigbekaen's restriction in SHU status, the threats to his health and safety from other inmates and COVID-19, his forced medication, or the denial of his religious rights. Because Aigbekaen fails to allege facts to show the personal involvement of any of the defendants in creating or failing to remedy these conditions, I will dismiss those claims as well.

***Free exercise***

The complaint alleges that the defendants separately violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc *et seq.*, by depriving Aigbekaen of religious articles and failing to provide him with a bible or Koran. But RLUIPA applies to "a jail, prison, or other correctional facility" receiving federal funds "which is owned, operated, or managed by, or provides services *on behalf of any State or political subdivision of a State*." 42 U.S.C. § 1997(1) (emphasis added). Because RLUIPA "only applies to state and local governments, not a federal prison," this claim cannot proceed against the federal official

defendants at FCI Danbury. *Sabir v. Williams*, 2017 WL 6514694, at *6 (D. Conn. 2017).

Instead, federal prisoners challenging burdens on their free exercise rights may bring statutory claims under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb *et seq*. *See Jolly v. Coughlin*, 76 F.3d 468, 475 (2d Cir. 1996). To state a RFRA claim, a prisoner must allege that the defendants substantially burdened his ability to engage in a sincere religious exercise. *See Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 423 (2006); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 304 (3d Cir. 2016). Aigbekaen has not pleaded a viable RFRA claim because he does not allege that he ever requested the return of his religious articles or access to religious books. *See Porter v. Bunch*, 2019 WL 1428431, at *16 (S.D.N.Y. 2019) (to show a burden on his exercise of religion a prisoner "must allege that he requested the right to practice his religion and was denied that right; that is, that he or she requested certain foods, diets, access to books, or religious services and was denied the same"); *Valdez v. City of New York*, 2013 WL 8642169, at *15 (S.D.N.Y. 2013) ("[I]t makes sense to require the plaintiffs to plead that, prior to bringing suit, they actually asked for the religious accommodations at issue and were denied."), *report and recommendation adopted,* 2014 WL 2767201 (S.D.N.Y. 2014). I will therefore dismiss this claim without prejudice.

### *Injunctive relief*

Aigbekan seeks injunctive relief, including but not limited to enjoining the defendants "from punishing a mental illness and to provide appropriate treatment."[19] But because Aigbekan is no longer at FCI Danbury and because all the defendants are employed at FCI Danbury, his request for injunctive relief against these defendants is moot. *See Salahuddin v. Goord*, 467 F.3d

---

[19] *Ibid*.

263, 272 (2d Cir. 2011).

*Compassionate release*

Finally, to the extent Aigbekaen seeks compassionate release, he has not filed an appropriate motion for such relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), nor has he indicated that he exhausted his administrative remedies as required by that statute. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) ("[A] court may reduce a sentence under § 3582(c)(1)(A) only if three conditions are in place: administrative exhaustion (absent waiver or forfeiture by the government); satisfaction of the § 3553(a) factors; and extraordinary and compelling reasons.").

In any event, Judge Bredar has already considered several such motions brought by Aigbekaen in the District of Maryland, including some concerning his confinement at FCI Danbury. *See United States v. Aigbekaen*, 2021 WL 1401119, at *1 (D. Md. 2021) (denying fifth motion for compassionate release filed between March 20, 2020 and April 14, 2021), *reconsideration denied,* 2021 WL 5909680 (D. Md. 2021). Aigbekaen has not presented any new facts warranting his release. *See id.* at *2 (noting Judge Bredar's previous conclusion "that Aigbekaen did not present evidence establishing an extraordinary and compelling reason for his compassionate release and that the § 3553(a) factors weighed against his early release," and stating that "Aigbekaen does not present any facts that give the Court cause to alter its prior decision"). I will therefore deny the motion for a temporary restraining order to compel the grant of his motion for compassionate release.

CONCLUSION

For the reasons stated above, the Court DISMISSES the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and DENIES the motion for a temporary restraining order (Doc. #7). If Aigbekaen has grounds to allege a claim that overcomes the concerns stated in this

ruling, then he may file an amended complaint within 30 days from today. In the meantime, the Clerk of Court shall close this case subject to re-opening in the event that Aigbekaen decides to timely file an amended complaint. It is so ordered.

     Dated at New Haven this 25th day of May 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge