IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Raymond Aigbekaen                         *

v.                                        *

Warden of FCI Danbury, BOP
Director, LT MCGregor, LT                 *        Case No 3:21-CV-1526 (JAM)
Gillepsie, LT Durant, CO K. Bobens,
CO D. Allick, CO Mr. Batista and          *
Mr. Bozek and Mr. Canaruzzi
Mr. Kenneth Lewis                         ** * * *
(Individual and official capacities)              1983 & BIVENS

## MOTION TO AMEND COMPLAINT

Now comes plaintiff Aigbekaen and enters this motion to amend complaint and states that the case should be allowed to proceed to a jury trial because his constitutional rights were violated.

## EXCESSIVE FORCE

Lieutenant Gillepsie and two unknown SIS officers used excessive force when they violently and viciously slammed him against the wall while simultaneously twisting his arm simply because he asked why he was being detained. He did not pose an immediate threat to the orderly running of the institution or to any other inmates. They violated Aigbekaen's 8th Amendment and other constitutional rights by this act of violence which cause serious injury to the head and a dislocated shoulder. By slamming him against the wall in such a vicious manner, they disregarded any risk of harm or injury and were prepared to kill him.

Supervisory liability

Warden Sage:

This Warden gave orders and implemented policies that allowed Correctional officers to place inmates at risk of rape and physical violence by leaving them with other inmates that did not have the same type of mental illness or any mental illness at all. This gave the other inmates the green light to sexually violate the plaintiff and to extort him and claim his commisary items as their own through use of physical violence when the plaintiff was in a state of derealization.

Mr. Bozek:

Mr. Bozek is a well known racist white supremacist in the prison and he ~~wrote an~~ sanctioned the plaintiff to loss of phone and commissary when he was well aware of the mental illness that the plaintiff suffers. Both the Warden and all of the defendants were well aware of the plaintiff's mental illness because that was the reason he was transferred and he had previously submitted administrative remedies seeking proper treatment. Mr. Bozek also assigned the plaintiff to the top bunk and he fell from the top bunk sustaining various injuries. Mr. Bozek was aware of the strong sleep inducing medication prescribed to the defendant but refused to place him in the bottom bunk.

Unit Manager Lewis

Mr. Lewis is a pedophile and occasionally grabbed the plaintiff's penis while conducting a pat down. He would stop the plaintiff for no reason and would grope him stating "let me see how the stick is doing today" referring to plaintiff's penis which he would then grab and hold when noone is looking

The Unit Manager Mr. Lewis also personally forced the plaintiff to take a medication known as Ivermectin and he threatened that if he did not take it, he would be deprived from seeing or talking to his family, the warden later reiterated this. Plaintiff was placed in the SHU for almost six months with no incident report and this exacerbated his mental illness.

## FAILURE TO PROTECT

The plaintiff requested to be placed in a therapeutic environment both for the treatment of his mental illness and to prevent further abuse from other inmates and some officers but Mr. Canavozei, Mr. Bozek and Mr. Lewis all verbally denied this request. Stating that he was not special and that been sexually abused was all a "part of the prison experience".

## Ms. D. Allick

Ms. Allick expressed a sexual interest in the plaintiff but when he refused, she subjected him to all sorts of additional punishment including denying access to the phone and refusing to take him to the law library thereby denying him access to court just because he refused her sexual advances

## Ms K. Bobens

Ms. Bobens connived with Ms. Allick to deny the plaintiff access to the phone and to the law library

DELIBERATE INDIFFERENCE, MENTAL ILLNESS

The administration and named defendants denied plaintiff access to prescribed Medical care by refusing to let him use a prescribe CPAP Machine for more than six months.

The defendants also denied Medication for the under-lying mental illness but instead forced the plaintiff to take sleep inducing Medicines that did nothing to treat the mental illness. The defendants chose to punish his mental illness by giving Sanctions such as no phone and no Commissary.

RELIGIOUS FREEDOM REFORMATION ACT (RFRA)

The plaintiff was denied his right to free exercise of religion by depriving him of his religious articles including Prayer rug and religious texts. The plaintiff asked to be given this item from his property but Mr. Baptista and several of the named defendants denied the request. Mr. Batista took the plaintiff's food from him and told him he was not allowed to observe a personal fast.

The plaintiff also requested sufficient space to perform his prayers which was denied by Lt Durant.

B.O.P Director

The BOP director is responsible for policies that punishes the mental illness of the inmate and fails to Provide conducive and adequate Protection for inmate who suffers mental illness. The Director also fails to Protect the plaintiff from being sexually violated by the staff members

INJUNCTIVE RELIEF

Plaintiff seeks injunctive relief including but not limited to enjoining the BOP director to refrain from implementing policies that allow for the punishment of mental illness and to provide appropriate treatment. The plaintiff also seek immediate release from BOP custody to home confinement so that he would be able to use the prescribed CPAP machine which is also not allowed at FCI Loretto due to BOP-wide COVID-19 Policy. The BOP has release thousands of inmate under CARES Act but because plaintiff is BLACK, they refuse to release him.

Compensatory relief

Plaintiff seeks compensatory relief from all defendants for an amount the court finds appropriate or a total of $50,000,000 (50 million). The plaintiff requests all relief from the original pleading

Respectfully Submitted:

Raymond Ajibekaer

06/21/2022

Raymond Aigbekaen (94688-379)
FCI Loretto
Federal Correctional Institute
P.O. Box 1000
Cresson, PA 16630

Clerk of Court
U.S. District Court
141 Church St,
New Haven, CT 06510

065108207B C110

Case 3:21-cv-01526-JAM   Document 15   Filed 02/06/23   Page 6 of 6